UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT COVINGTON

CIVIL ACTION NO. 2006-202 (WOB)

ALEXIS MORELL                                                              PLAINTIFF

VS.                         **MEMORANDUM OPINION and ORDER**

STAR TAXI and
AMERICAN SERVICE INSURANCE COMPANY                        DEFENDANTS

This matter is before the court on plaintiff's motion for summary judgment (Doc. 16), and defendant American Service Insurance Company's cross-motion for summary judgment (Doc. 18). The court held oral argument on this matter on August 30, 2007 and ordered the parties to submit additional briefs. The parties have filed their respective briefs and the matter is ripe for the court's review.

The pending motions relate to whether the commercial automobile insurance policy ASI issued to Star Taxi provides coverage for the claims plaintiff has asserted against it for vicarious liability and negligent hiring, training and supervision for injuries she sustained when the driver of the taxi she hired drove her home, followed her into her apartment and raped her. The court finds that the policy does provide coverage for plaintiff's claims.

In diversity cases, such as this one, the substantive law of the state of Kentucky applies. *Talley v. State Farm Fire and Cas. Co.*, 223 F.3d 323, 326 (6th Cir. 2000). Kentucky law provides that the doctrine of reasonable expectations governs insurance contracts. *Deerfield Ins. Co. v. Warren County Fiscal Court*, 88 S.W.3d 867, 873 (Ky. App. 2002). Thus, terms used within

insurance contracts should be given their ordinary meaning as persons with ordinary and usual understanding would construe them. *City of Louisville v. McDonald*, 819 S.W.2d 319 (Ky. App. 1991). The insurance contract should be liberally construed and all doubts resolved in favor of the insured. *Id*. The court shall not, however, make a different insurance contract for the parties by enlarging the risk contrary to the natural and obvious meaning of the existing contract.

Here, the definition of "accident" provided by the policy is unambiguous. The policy specifically defines "accident" to "mean[] a sudden event neither expected nor intended from the standpoint of the insured which results in **bodily injury** or **property damage**." Thus, the court must look to whether the insured, Star Taxi, expected or intended the event to occur that resulted in the plaintiff's injury. Clearly, Star Taxi did not expect or intend for its driver to sexually assault a passenger.

This case is very similar to *Gateway Insurance Co. v. Security Taxicab, Inc.*, No. 5:02CV-237 (W.D. Ky. 2003) (J. Russell). In *Gateway*, two mentally handicapped women used a van owned and operated by Security Taxicab, Inc. to travel between their homes and their work. One morning the regular driver called in sick and Security Taxi sent another driver, Karl Kraus. Unbeknownst to Security Taxi, Kraus had a history of sexual assaults and was listed on the Kentucky Sex Offender Registry. Kraus imprisoned and sexually assaulted both women in Security Taxi's van.

The parents of the women filed suit against Security Taxi claiming negligent hiring, retention and supervision and vicarious liability for its driver's assault and battery and false imprisonment. Security Taxi's automobile insurer, Gateway, filed a declaratory judgment action seeking a determination that it did not provide coverage or a duty to defend the tort action.

The court, after analyzing Kentucky law, concluded that both claims against Security Taxi constituted an "accident" because the assaults and resulting damages were not expected or intended

by the insured, Security Taxi.

ASI argues that the negligent hiring by Star Taxi does not constitute an accident because it intended to hire this driver. This court has previously rejected this very argument. *Westfield Ins. Co. v. Tech Dry, Inc.*, Case No. 2000-186 (E.D. Ky. October 4, 2001) (J. Bertelsman), *aff'd*, 336 F.3d 503 (6th Cir. 2003). In *Westfield*, a discharged employee returned to the home of the insured's customer, where he had previously worked, and murdered the customer. The victim's estate brought a wrongful death action against the employer alleging its negligent hiring and retention of the employee was the cause of the victim's death. This court found that the insurer owed coverage because the event (the assault and murder) was not intended by the insured. The Sixth Circuit affirmed stating: "Under Kentucky law, even if [the employer's] conduct in hiring and retaining [the employee] was intentional and the injury to [the victim] was foreseeable, the policy in question nevertheless provides coverage to [the employer] as long as 'the injury was not actually and subjectively intended." *Westfield*, 336 F.3d at 510. Relying on this precedent, the court finds that plaintiff's claims against Star Taxi constitutes an "accident" under the policy.

The court further finds that the injury alleged arose out of the "ownership, maintenance, or use of an **owned vehicle**" as required by the policy. Here, the events alleged are causally connected to the use of the car. Specifically, it was the plaintiff's use of the taxi that caused her to come into contact with its driver: she was in the taxi because it was being used as a common carrier, the driver used the taxi as his means of selecting his victim, and he only knew the location of plaintiff's apartment because of her use of the taxi. In addition, the driver was on the premises as a result of his duties as a common carrier to safely deliver the plaintiff to her home and he had not yet driven away. Thus, the attack was still part of the series of events surrounding the use of the taxi.

In the cases cited by ASI, it was not the driver of the motor vehicle who inflicted the injuries

complained of although the motor vehicle was physically associated with the assault. *See State Farm Mutual Automobile Ins. Co. v. Rains*, 715 S.W.2d 232 (Ky. 1986) (injuries sustained by plaintiff when hit with baseball bat while attempting to enter his vehicle did not arise out of use of the vehicle); *United States Fidelity & Guaranty Co. v. Western Fire Ins. Co.*, 450 S.W.2d 491 (Ky. 1970) (injuries incurred by passenger of insured's vehicle when another passenger accidently discharged gun did not arise out of use of vehicle). As discussed above, the court finds the injuries sustained by the plaintiff at the hands of the taxi driver are sufficiently connected to her use of the taxi and, therefore, ASI owes Star Taxi coverage under the policy. *See Gateway Insurance Co. v. Security Taxicab, Inc.*, Case No. 5:02-CV-237 (W.D. Ky. June 19, 2003) (J. Russell).

Lastly, the plaintiff asserted in her motion that she is entitled to recover multiple liability limits. The plaintiff, however, has withdrawn that argument. (Doc. 24). Thus, the parties now agree that any coverage available under the policy is limited to the policy limit of $100,000.00.

The court being otherwise sufficiently advised, it is ORDERED,

1. That the plaintiff's motion for summary judgment is **granted in part** as to her request for a declaratory judgment declaring that ASI owes coverage to Star Taxi for the claims alleged in her complaint, and **denied in part** regarding her request for a declaratory judgment that she is entitled to multiple policy limits as the court finds she is entitled to recover under only one policy limit; and

2. The defendant's motion for summary judgment is **denied**.

This 9th day of October, 2007.



Signed By:
*William O. Bertelsman* WOB
**United States District Judge**